Alexander v. Whitaker

BIA
Kolbe, IJ
A046 032 100

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of January, two thousand nineteen.

PRESENT:
> JOHN M. WALKER, JR.,
> RICHARD C. WESLEY,
> SUSAN L. CARNEY,
> *Circuit Judges.*

_____

ERRON LENNON ALEXANDER, AKA EVVON L. ALEXANDER, AKA ERIN ALEXANDER, AKA ALEXANDER ERRON, AKA ERIC ALEXANDER,
> *Petitioner,*

v.

MATTHEW G. WHITAKER, ACTING UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

16-4003
NAC

FOR PETITIONER: Nicholas J. Phillips, Prisoners' Legal Services of New York, Albany, NY.

FOR RESPONDENT: Chad A. Readler, Acting Assistant Attorney General; Douglas E. Ginsburg, Assistant Director, Briena L. Strippoli, Senior

Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED.

Petitioner Erron Lennon Alexander, a native and citizen of Trinidad and Tobago, seeks review of a November 2, 2016 decision of the BIA affirming a June 22, 2016 decision of an Immigration Judge ("IJ") denying Alexander's application for relief under the Convention Against Torture ("CAT"). *In re Erron Lennon Alexander,* No. A 046 032 100 (B.I.A. Nov. 2, 2016), *aff'g* No. A 046 032 100 (Immig. Ct. N.Y. City June 22, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as modified by the BIA, i.e., minus any basis for denying relief that the BIA declined to consider. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). Because Alexander's removal order is based on criminal convictions, including convictions for an aggravated

2

felony and a controlled substance offense, our jurisdiction is limited to considering "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(C), (D). For jurisdiction to attach, such claims must be colorable. *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 40 (2d Cir. 2008). We review constitutional claims and questions of law de novo. *Pierre v. Holder*, 588 F.3d 767, 772 (2d Cir. 2009). Alexander raises a colorable question of law sufficient to invoke our jurisdiction: he argues that the BIA erred as a matter of law when it ignored his claim of enhanced mistreatment in detention. *See Mendez v. Holder*, 566 F.3d 316, 323 (2d Cir. 2009) ("[W]here . . . some facts . . . have been totally overlooked and others have been seriously mischaracterized, we conclude that an error of law has occurred.").

CAT relief is mandatory if the applicant shows that he would more likely than not be tortured if removed. 8 C.F.R. §§ 1208.16(c), 1208.17. Torture is defined as pain and suffering "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1). Governmental acquiescence occurs when an official, before the torture occurs, is aware of the impending torture and

3

thereafter "breach[es] his or her legal responsibility to intervene to prevent" it. 8 C.F.R. § 1208.18(a)(7). In *Pierre v. Gonzales*, we rejected a CAT claim that was based on conditions in Haitian prisons because harsh prison conditions do not in themselves constitute torture absent a specific intent by the torturer to inflict severe pain and suffering. 502 F.3d 109, 111 (2d Cir. 2007). We also recognized the possibility, however, that "petitioners with certain histories, characteristics, or medical conditions are more likely to be targeted not only with these individual acts [of abuse] but also with particularly harsh conditions of confinement." *Id.* at 122. The risk of "severe suffering" based on individual characteristics is relevant to a CAT claim only if that suffering "is motivated by some actor's specific intent." *Id.* at 121-22.

Alexander asserted a likelihood of torture at the hands of inmates and prison guards due to his status as a criminal deportee with severe mental illness. The record contains some evidence to support his claim. The 2015 State Department Report for Trinidad and Tobago identifies "credible reports that police officers and prison guards mistreated individuals under arrest or in detention," and recognizes that abuse by

4

fellow prisoners was a problem.  Furthermore, a declaration made by a professor in Trinidad and Tobago reflects that deportees unfamiliar with Trinidad and Tobago and individuals suffering from mental health issues are more likely to be detained and targeted for abuse while in jail.

The agency erred in its decisions as neither the IJ nor the BIA made any factual findings about Alexander's claim that he would be subject to enhanced mistreatment and intentional abuse if detained in Trinidad and Tobago.  The IJ determined that Alexander did not demonstrate that he was more likely than not to be detained, but the BIA did not rely on that finding, which therefore falls outside the scope of our review.  *See Xue Hong Yang*, 426 F.3d at 522.  Because the BIA did not reach the question whether it was more likely than not that Alexander would be detained, the BIA's decision must be read to conclude that authorities would have no specific intent to torture Alexander even if he were detained. The IJ, however, addressed only the lack of public resources and health care in prisons, not whether Alexander would be targeted for abuse by guards and inmates as a result of his untreated mental illness.

It is not within the authority of the BIA to make a

5

finding in the first instance regarding the likelihood that Alexander would be abused if detained by individuals acting with the specific intent to torture him. 8 C.F.R. § 1003.1(d)(3)(iv); *see Hui Lin Huang v. Holder*, 677 F.3d 130, 134 (2d Cir. 2012) (likelihood of future event is finding of fact). By affirming the IJ's decision only on the basis that the harm that Alexander feared would not be the result of any individual's specific intent to torture him, the BIA overlooked Alexander's claim and record evidence suggesting that he would likely be subject to abuse in prison by prison officials or inmates who have the specific intent to inflict severe pain and suffering on the mentally ill. *See Mendez*, 566 F.3d at 323.

Because the agency's decisions omit factual findings regarding whether Alexander would be subject to enhanced mistreatment and the intentional infliction of severe pain and suffering if imprisoned, we remand for the agency to make additional factual findings regarding this portion of Alexander's claim or for the BIA to evaluate under established standards the IJ's finding that Alexander did not demonstrate that it is more likely than not that he would be detained. Although the Government argues that remand would be futile

6

because the record does not support a finding of the requisite likelihood of abuse, the factual finding is for the agency to make in the first instance. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 122 (2d Cir. 2007) (holding that this Court's review is limited to grounds and reasoning given by the BIA).

For the foregoing reasons, the petition for review is GRANTED, the BIA's decision is VACATED, and the case is REMANDED for further proceedings consistent with this order. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

7